UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

# CIVIL MINUTES - GENERAL
# PRIORITY SEND

| Case No. | CV 12-6832-GW(JCx) | Date | August 31, 2012 |
|---|---|---|---|
| Title | *Craig Liebscher v. Depuy Orthopaedics, Inc., et al.* | | |

| Present: The Honorable | GEORGE H. WU, United States District Judge |
|---|---|

| Javier Gonzalez | Not Present |
|---|---|
| Deputy Clerk | Court Reporter |

| Attorneys Present for Plaintiffs: | Attorneys Present for Defendants: |
|---|---|
| None Present | None Present |

**Proceedings:**   (IN CHAMBERS):  **ORDER DENYING PLAINTIFF'S EX PARTE APPLICATION REQUESTING AN ORDER REMANDING CASE TO STATE COURT**

    Plaintiff Craig Liebscher filed suit against Depuy Orthopaedics, Inc., Johnson & Johnson Services, Inc., Johnson & Johnson, Inc. and Thomas P. Schmalzried, M.D., a Professional Corporation ("Defendants") in state court on June 11, 2012, asserting four causes of action: (1) strict product liability, (2) negligence, (3) breach of implied warranty, and (4) breach of express warranty.  *See generally* Complaint attached as Exhibit 2 to Notice of Removal, Docket Item No. 1.  Defendants timely removed, though Dr. Schmalzried did not join in the removal, because Defendants argue that he was fraudulently joined.  *Id.* at 3.  Plaintiff's claims arises out of injuries allegedly caused by a medical product known as a Pinnacle Hip Implant.  *See generally* Compl.  The Judicial Panel on Multidistrict Litigation ("MDL") has venued the Pinnacle Hip Implant Products Liability Litigation, MDL 2244, in the Northern District of Texas.  *See* Docket No. 22 at 2 (filed under seal).

    On August 22, 2012, Plaintiff filed an "Ex Parte Application Requesting an Order Remanding the Case to State Court" (the "Ex Parte Application").  Docket No. 22.  That same day, the case was reassigned from District Court Judge the Honorable John A. Kronstadt to District Court Judge the Honorable George Wu.  Docket No. 17.[1]  Defendants filed an opposition to the Ex Parte Application on August 28, 2012, attaching an order issued by the MDL Court on August 14, 2012, indicating that the MDL Court has established a centralized procedure for adjudicating remand motions pertaining to the Pinnacle Hip Implant Products Liability Litigation.  *See* Docket No. 19, Exh. 1.  Plaintiff argues that ex parte consideration of the motion to remand is necessary because if the proceedings in this case, including the Ex Parte Application, are stayed pending transfer to the MDL, his remand motion will not be heard for several months, given that the briefing schedule set forth in the MDL Court's order (as

---

    [1]While Plaintiff served the Ex Parte Application on Defendants on August 17, 2012, Plaintiff did not file a proof of service with the Court until August 24, 2012.  Docket No. 18.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**
**PRIORITY SEND**

applicable to this case) permits an opening brief to be filed no later than 21 days after the transfer date, opposition briefs to be filed 21 days thereafter, and reply briefs to be filed 14 days after that. *See id.* ¶ 2. However, Plaintiff has not indicated that the prejudice suffered by such a relatively brief delay is grave enough to warrant this Court independently adjudicating the remand motion, in light of the MDL Court's express plan to handle such motions in a centralized and expeditious manner. *See Michael v. Warner-Lambert Co.*, No. 03cv1978 DMS(RBB), 2003 U.S. Dist. LEXIS 21525 (S.D. Cal. Nov. 20, 2003) ("The general rule is for federal courts to defer ruling on pending motions to remand in MDL litigation until after the JPMDL [Judicial Panel on Multidistrict Litigation] has transferred to the MDL panel.") (quotation and citation omitted). Thus, Plaintiff has not shown that ex parte relief is warranted as to a remand of this case.

Therefore, the Court DENIES Plaintiff's Ex Parte Application Requesting an Order Remanding the Case to State Court.

Deputy Clerk KTI